RANDY S. GROSSMAN
United States Attorney
AMANDA L. GRIFFITH
Assistant United States Attorney
California Bar No. 243854
ANDREW SHERWOOD
Assistant United States Attorney
California Bar No. 342419
New York Bar No. 4518106
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970/9690
Email: mandy.griffith@usdoj.gov and andrew.sherwood@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22CR1715-LL |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| DANIEL ZACHARY DASKO, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Amanda L. Griffith and Andrew Sherwood, Assistant United States Attorneys, and defendant, DANIEL ZAHCARY DASKO, with the advice and consent of Marcus Bourassa and Timothy Scott, counsel for defendant, as follows:

**I**

**THE PLEA**

A.  The Plea

Defendant agrees to plead guilty to Count 1 of the Indictment, which charges defendant with distribution of images of

Plea Agreement                                                                  Def. Initials

minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).

In exchange, the Government agrees (1) not prosecute defendant thereafter on additional charges which may carry higher custodial penalties and (2) not to seek any other upward adjustments or departures except as provided for in this agreement unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional and statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

B.  Sentencing Hearing

Defendant and his counsel of record agree to go forward on the date and time set for the sentencing hearing and agree not to seek a continuance of the sentencing hearing, unless the United States expressly agrees to a continuance. *However, Defendant may seek a reasonable continuance in the event a contemplated surgery is anticipated in the near future.*

C.  Forfeiture of Property Used in the Commission of the Offense

Defendant consents to the forfeiture allegations of the Information, consents to the forfeiture of all properties seized in connection with this case, and agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

II

**NATURE OF THE OFFENSE**

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant knowingly distributed a visual depiction using a means or facility of interstate commerce including by computer via the Internet;

2. Production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3. Such visual depiction was of a minor engaged in sexually explicit conduct;

4. Defendant knew such visual depiction was of sexually explicit conduct; and

5. Defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about September 11, 2021, while in the Southern District of California, defendant knowingly distributed visual depictions of minors engaged in sexually explicit conduct through a chat communications application which required use of the Internet and a chat application.

2. The image defendant distributed was a video that depicts a thirteen-year-old male masturbating.

4. Production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

5. Such visual depiction was of a minor engaged in sexually explicit conduct.

6. Defendant knew such visual depictions were of sexually explicit conduct.

7. Defendant knew that that the person engaged in sexually explicit conduct in such visual depiction was a minor.

8. Defendant used laptop computer to distribute and possess the visual depiction.

9. Defendant sent the following message to the same person that he distributed said video to: "Ya like clearly we all have an interest in boys, but have you had the chance to like jerk off a boy, or suck or anything. Maybe you have a son or a nephew, neighbor, boy you babysit, kid on grindr."

9. Additionally, defendant provided to another individual, the online contact information for minors that he knew for the purpose of this other individual to use and persuade the minors to produce child pornographic images and videos.

10. Defendant admits that the use of the Internet and the use of the cellular network to communicate with these other individuals means he committed this offense using a means and facility of interstate commerce.

## III

## **PENALTIES**

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A. a maximum of 20 years in prison, and a mandatory minimum 5 years;

B. a maximum $250,000.00 fine;

1      C.   a mandatory special assessment of $100; an additional $5,000 mandatory special assessment pursuant to 18 U.S.C. § 3014, unless the Court finds defendant to be indigent; and an additional special assessment of not more than $35,000 pursuant to 18 U.S.C. § 2259A;

       D.   a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

       E.   mandatory restitution under 18 U.S.C. §2259 in an amount not less than $3,000 per victim;

       F.   registration as a sex offender under the Sex Offender Registration and Notification Act.**

       **Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to

register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

G. Forfeiture of all visual depictions, all property real and personal, constituting or traceable to gross profits or proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense; and

H. Defendant further understands that by pleading guilty defendant may become ineligible for certain federal benefits.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

G. Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

//
//
//

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or

revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened defendant or defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICES SOUTHERN DISTRICT OF CALIFORNIA AND EASTERN DISTRICT OF PENNSYLVANIA

This plea agreement is limited to the United States Attorney's Offices for the Southern District of California and the Eastern District of Pennsylvania, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by

the U.S. Probation Office and defense counsel and the Government has had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly agree

to recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§2G2.1(a)] | 32* |
| 2. | Involved a minor [§2G2.1(b)(1)(B)] | +2 |
| 3. | Distribution [§2G2.1(3)] | +2 |
| 4. | Use of a Computer [§2G2.2(b)(6)] | +2 |
| 5. | Acceptance of Responsibility [§ 3E1.1] | −3 |
| | **Adjusted Offense Level** | **35** |

*Pursuant to the cross reference provided in USSG § 2G2.2, the parties agree to jointly recommend that the Court use USSG § 2G2.1 when calculating the guideline range.

B.  ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.6 above, the Government will not be obligated to recommend any adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer;

4. Materially breaches this plea agreement in any way; or

5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit.

C.  <u>FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

1  The parties further agree that defendant may request or recommend
2  additional downward adjustments, departures, including criminal history
3  departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C.
4  § 3553, except as limited by paragraph F, below.

    D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

    E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3, and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

    F.    <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The government will recommend that defendant be sentenced to within to the high-end of the guidelines range as calculated by the government at the time of sentencing.

    G.    <u>SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE</u>

    1.    <u>Special Assessment</u>.

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

    2.    <u>Child Pornography/Other Assessments</u>.

The parties will jointly recommend the defendant <u>not</u> pay an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014. Furthermore, the parties will jointly recommend the Court <u>not</u> order



defendant to pay any additional assessment pursuant to 18 U.S.C. § 2259A.

3. Fine.

The parties will jointly recommend that no fine be imposed.

4. Restitution.

Defendant agrees that **if** restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct, and is not limited to the count of conviction. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant waives all demand for payment, consents to the entry of the restitution debt into the Treasury Offset Program ("TOP"), waives all notices with respect to TOP, and waives all rights to contest offsets under TOP.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained,

directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

I. SUPERVISED RELEASE

The United States will recommend a term of fifteen years of supervised release. If the Court imposes a term of supervised release, defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of his term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order totaling up to $100,000, the length of term of supervised release, and any condition of supervised release. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is defendant may collaterally attack the



conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement. Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government

Plea Agreement      14      Def. Initials

may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and his counsel did not advise him about what to say in this regard.

RANDY S. GROSSMAN
United States Attorney

4/10/23
DATED

AMANDA L. GRIFFITH
ANDREW SHERWOOD
Assistant U.S. Attorneys

3/23/2023
DATED

MARCUS BOURASSA
TIMOTHY SCOTT
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

3/23/2023
DATED

DANIEL ZACHARY DASKO
Defendant

APPROVED BY:
*Joshua Mellor/Matthew Brehm (with permission)*
JOSHUA C. MELLOR/MATTHEW C. BREHM
Assistant U.S. Attorney