ANDREW R. HADEN
Acting United States Attorney
AMANDA L. GRIFFITH
Assistant United States Attorney
California Bar No. 243854
ANDREW SHERWOOD
Assistant United States Attorney
California Bar No. 342419
New York Bar No. 4518106
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-8970
Email: mandy.griffith@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL ZACHARY DASKO,<br><br>Defendant. | Case No. 22CR1715-LL<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Date: September 18, 2023<br>Time:  11:00 a.m. |

In his own words, while exchanging chat messages, Daniel Zachary Dasko, using his online name, "Mr. Pickles", has stated:

- His favorite age of boy is "*10+…Give or take a few years*"
- "*Ya like clearly we all have an interest in boys, but have you had the chance to jerk off a boy, or suck or anything.  Maybe you have a son or a nephew, neighbor boy you babysit, kid on grindr.*"

- *"So taht boy i was talking to last night was so happy to have someone to jerk with."* Dasko went on to describe his tenacity in talking with minor males online—*"i just got on amegle and try and try."*

- Dakso, complained, *"Omegle is slim picking right now."* And went on to state, in response to another commenting about twelve year olds online with no parental supervision, *"I'm not worried about the lack of supervision. I'm just looking for those who are questioning their sexuality and wanna just whip it out"* and *"Or are just bored horny and dumb and wanna show their dicks."*

- Dasko, lamenting, *"I sent Alex a ton of boys from schools I work at. All of them were a bust."* However, he then boasted about communicating online with a thirteen-year old and using QuickTime to record the online chats.

These statements, some of which are excerpted from Presentence Report (PSR), were located on a cellular phone seized from one of Dasko's co-conspirators, "Mr. P." *See* PSR ¶ 25, 27 and Exhibits 1, 2. The chats span for approximately a year from October 2020 through October 2021, and the cellular phone extraction report for just these chats is over 750 pages.[1] In these chats, with like-minded individuals, Dasko reveals the details of his online activities—ones he undertakes solo and also as part of the conspiracy—and also discusses his sexual attraction to the children with whom he worked through his employment as a class aide as well as a hockey coach. Though he accepted responsibility, his actions have caused irreparable harm and his sentence should reflect the totality of his criminal conduct. As such, the United States recommends a sentence of 210 months in prison, followed by fifteen years of supervised release.

A. **Offense Conduct**

The PSR accurately details the investigation into Dasko's online activities including his first contact with law enforcement in September 2020 regarding CyberTip Reports

---

[1] Excerpts from the extraction report will be included as exhibits as part of the United States' Sentencing Memorandum. If the Court would like to see the entirety of the extraction report, a complete copy can be provided ahead of the sentencing hearing.

received from the National Center for Missing and Exploited Children (NCMEC). PSR ¶ 4-20. Notwithstanding Dasko's admission of understanding the consequences of possession child pornography (PSR ¶ 5), he went on to continue his online activities for over a year, as evidenced by his chats and online activities which form the basis of the current charge. PSR ¶ 21-43. By his own admission, he only deleted the majority of his online material after he learned one of his co-conspirators had been charged. PSR ¶ 41. However, that did not serve to deter his need to access child pornography, as Dasko admitted that he searched for child pornography a few weeks prior to the execution of the search warrant at his residence in July 2022. *Id*.

The two individuals with whom Dakso was in communication with were charged with violations of 18 U.S.C. § 2251, sexual exploitation of a minor (i.e. production of child pornography) and conspiracy, in the Eastern District of Pennsylvania. PSR ¶ 23. Those defendants received 33 year and 38 year sentences, following guilty pleas.

### B. Special Assessments

Consistent with the plea agreement, the United States is recommending Dasko pay the $100 special assessment, but asking the Court not to impose the other special assessments. The United States believes that Dasko's obligation to pay restitution should be prioritized over the JTVA and AVAA special assessments.

### C. Restitution

The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA) was enacted on December 7, 2018. The AVAA created new penalties and made a number of changes to existing child pornography laws including restitution. Specifically, the law provides that restitution must be ordered for all "child pornography trafficking offenses" of no less than $3,000 per victim. The amount of restitution ordered is not dependent on a defendant's ability to pay. Instead, it is based upon a court's determination of the "full amount" of losses incurred by a victim as a result of the trafficking in child pornography depicting the victim. 18 U.S.C. § 2259(b)(2). The term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred

in the future, by the victim, as a proximate result of the offenses involving the victim; and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including:

- medical services relating to physical, psychiatric, or psychological care;
- physical and occupational therapy or rehabilitation;
- necessary transportation, temporary housing, and child care expenses;
- lost income;
- reasonable attorneys' fees, as well as other costs incurred; and
- any other relevant losses incurred by the victim.

18 U.S.C. § 2259(c)(2)(A)-(F).

Two requests for restitution have been received in this case. One is from "Andy" from a known series of child pornography that was possessed by Dasko. However, during the pendency of this case, "Andy" passed away and the law firm representing him withdrew the request for restitution.

The second request comes from the minor victim in this case and is meant to cover past and future counseling services. The amount sought is $4,000, and is consistent with the AVAA. The parties have reached an agreement regarding the restitution to be paid, and a proposed restitution order will be submitted to the Court before the sentencing hearing.

### C. Guidelines Calculation

The guidelines calculations are detailed in the plea agreement and will be filed separately in a sentencing summary chart.

### D. Government's Sentencing Recommendation

Dasko is a predator with a demonstrated sexual interest in children. He used his position as a school employee to identify minors whom he wished to see engage in sexually explicit conduct. Dasko worked in concert with two other like-minded individuals who preyed on minors. He relied on the other co-conspirators to "catfish" the victims in an effort to sexually exploit the minors, several of whom were targeted because Dasko

provided their names and publicly-available online information. However, as he commented in his conversations with "Mr. P", Dasko made attempts to contact other children on his own time. *See* Exhibit 3 ("*Time to hunt for boys.*") Disturbingly, he and "Mr. P" would compare the minor males based on the size of their genitals in relation to their age. *See* Exhibit 4.

Dasko's sexual desire did not only exist in the online world, but he used his position in the classroom, as a tutor, and at the hockey rink to further his sexual attraction to children. He would use his ability, as a school employee, to review iPads assigned to the students to look for "naughty pics." *See* Exhibit 5. Dasko discussed a tutoring session with a five-year old autistic child, and his observations of that child. *See* Exhibit 6. Dasko also used his proximity as a hockey coach to have a legitimate reason to help a child change clothes, and then discuss that contact with "Mr. P." *See* Exhibit 7. These candid conversations occurred in the intimate online relationship Dasko had with someone who shared his sexual appetite. Undoubtably, Dasko will maintain he was only engaging in fantasy and was attempting to ingratiate himself with his co-conspirators. However, the totality of his conduct belies any assertion that Dasko was lured into this world. Dasko chose employment and extracurricular activities because of the proximity it brought him to minors and he was in those fields well before he met his co-conspirators.

Dasko's criminal conduct is not the byproduct of an addiction but a need to fulfill his sexual desires. Though he found a partnership with his co-conspirators, he acted of his own volition. Contact with local law enforcement did not deter him. Nor did the arrest and prosecution of his co-conspirators. Though there is only one named victim in the charged count, Dasko's conduct stretches far and wide, and this Court should consider the totality of his conduct when determining the appropriate sentence.

It is undisputed that Dakso has no other criminal history, but that factor is not unique when considering other defendants charged with child exploitation crimes. To account for the full range of criminal conduct that is appropriately considered by this Court, to reflect the seriousness of that conduct, and to provide just punishment and protect the public,

Dasko should be sentenced to a lengthier period in custody than the minimum amount required under the statute as his conduct far exceeds the minimum. When the Court considers Dasko's conduct in relation to his co-conspirators, the recommended sentence is approximately half of their respective sentences. A 210-month sentence is sufficient but not greater than necessary when the Court considers all of the relevant sentencing factors in this case.

E.   **Criminal Forfeiture**

The parties have agreed to forfeiture pursuant to the plea agreement, and the Court has already signed the preliminary order of forfeiture. Dkt. 69. The United States asks the Court to include forfeiture on the record as part of the sentencing hearing, and a final order of forfeiture will be provided separately for to the Court.

F.   **Conclusion**

For the reasons set forth herein and consistent with the plea agreement, the United States recommends a sentence of 210 months in custody, followed by fifteen years of supervised release.

Date: September 12, 2023                    Respectfully submitted,

                                            ANDREW R. HADEN
                                            Acting United States Attorney

                                            */s/ Amanda L. Griffith*
                                            AMANDA L. GRIFFITH
                                            ANDREW SHERWOOD
                                            Assistant U.S. Attorneys