**TIMOTHY A. SCOTT**, SBN 215074
**MARCUS S. BOURASSA**, SBN 316125
MCKENZIE SCOTT PC
1350 Columbia St, Suite 600
San Diego, CA 92101
Email: tscott@mckenziescott.com
　　　　mbourassa@mckenziescott.com

Attorneys for Daniel Dasko

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　Plaintiff,<br><br>vs.<br><br>Daniel Dasko,<br><br>　　　Defendant. | Case No.: 3:22-cr-1715-LL<br><br>Declaration In Support of Sentencing Memorandum |

I, Marcus S. Bourassa, declare under penalty of perjury as follows:

1. I am counsel for defendant Daniel Dasko in this matter who prepared his sentencing memorandum.
2. I make this declaration based, in part, upon a review of publicly accessible information obtained through the Courts' Electronic Case Filing system and research tools as set forth below. I also base it upon my own personal knowledge from reviewing other records and discussing the same.
3. I make this declaration to conserve judicial economy and to facilitate discussion of a breadth of materials without intending any waiver of attorney-

1

client privilege, waiving confidentiality, or rendering myself a witness in Mr. Dasko's case.

4. Insofar as any dispute should arise as to the substance of this filing and attendant exhibits or appendices, I request the Court take judicial notice of the underlying records and research which speak for themselves. Alternatively, I request this declaration be stricken and that I be given time and opportunity to present the same or similar evidence by other means.

5. Attached to the sentencing memorandum are true and correct copies of letters I received from Mr. Dasko's relatives as well as a true and correct copy of a letter from Mr. Dasko as well as a separate statement he prepared and hopes might be addressed to his victims.

6. Excerpts and images embedded in the Sentencing Memorandum are true and correct copies of either discovery or other records reviewed by me. They are what they purport to be.

7. Quotes and communications attributed to me or Mr. Dasko are drawn from communications I either participated in directly or reviewed in discovery. Quotes attributed to others are drawn from either discovery or letters.

8. I reviewed medical records describing Mr. Dasko's mental health diagnoses and provided representative excerpts to the Probation Department. I have also reviewed assignments and writings generated by Mr. Dasko in the course of his treatment before I indicated to him that I might request to read them.

9. Rather than attach entire reports or studies, I have sought to identify my sources in the memorandum. I can submit full copies as necessary. In two instances, I reference data which I have excerpted from Sentencing Commission reports, true and correct copies of which are contained in **Appendix A**.

10. I have attempted in good faith to identify similar cases. In the process I have reviewed many such cases, sentencing filings, decisions, and outcomes.

Although many entail solicitation of materials over the internet, I have only noted a handful involving catfishing – most of which I found by specifically searching for the term rather than by happenstance.

11. The Sentencing Commission's public website contains a feature that enables certain basic queries and returns charts, graphs, and supporting data. It is called the Interactive Data Analyzer (IDA) and it is available online at ida.ussc.gov. Unless otherwise noted, sentencing data referenced in the memorandum is true and correct and drawn from queries I submitted and analyzed in September 2023. The IDA permits a variety of searches based upon applicable guidelines, criminal history category, date, age of defendant, and other information tracked in PSRs or statements of reasons by the Commission.

12. Hoping to compare Mr. Dasko's case to other similar cases and understand the typical outcomes, I sought to identify a random sample of federal child pornography offenses committed by teachers that proceeded to sentencing in the past 10 years. To do so, I performed the following tasks in good faith and without cherry-picking cases based upon any desired outcome:

   A. I searched Google for instances of news coverage involving the words "federal," "teacher," and "child pornography." I limited the results by year, beginning in 2013.
   B. I clicked on the first links to new articles to obtain the names of the defendants and their location in the country.
   C. After opening several separate tabs, I searched the articles to determine if the accused was a teacher or held a similar position and confirmed their case was federal. I closed tabs that did not meet those criteria.
   D. I searched the names I obtained in this matter on PACER and matched cases to news coverage based upon the districts, time of filing or arrest, and defendant's name.

D. After generating the first several rows of the dataset, I met with my paralegal to show her the spreadsheet, describe the process, and enlist her to repeat it for every year. I also asked her to download any publicly available sentencing filings, judgments, and the docket in each case and organize them for me to review.

E. Owing to time constraints, my paralegal stopped in 2019. I believe we have a case in 2020 because I happened to search 2020 at the outset, noticed a local case, and then realized I should be more methodical.

F. After my paralegal built the basic dataset and gathered filings, I reviewed the filings to evaluate if the defendant was convicted of production, committed a hands on offense, the applicable guideline range according to the Government or plea agreement, and to take notes on descriptions of the defendants' crimes with the understanding the Court may want to compare and contrast to Mr. Dasko.

G. I removed cases my paralegal inadvertently included that were state cases or where charges were dismissed.

H. Frequently, I visited case dockets myself in the process of review to obtain plea agreements or factual bases for pleas to better understand the facts. I did that in most cases.

I. In preparation for filing it, I cleaned up my notes from the spreadsheet to ensure they were readable and limited the use of shorthand.

13. Attached as **Appendix B** is a true and correct copy of the data developed and described in the preceding paragraph. To the best of my knowledge it reflects a representative sample of federal child pornography cases involving teachers. I examined the differences in cases and sentences and have included results in the sentencing memorandum based upon the dataset.

I declare the foregoing to be true and correct under penalty of perjury of the laws of the United States, this 12th day of September, 2023, in San Diego, California.

*/s/ Marcus Bourassa*
**MARCUS S. BOURASSA**
MCKENZIE SCOTT PC
Attorneys for Daniel Dasko